Case 1:25-cv-01017-JMB-MV   ECF No. 1, PageID.1   Filed 08/27/25   Page 1 of 8

FILED - GR
August 27, 2025 1:42 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: ___/ 8/27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1:25-cv-1017
Jane Beckering - U.S. District Judge
Marteen Vermaat- U.S Magistrate

VAUGHN EDWARD GREATHOUSE,

    Plaintiff,

v.                                              Case No. _____

BARRY COUNTY, MICHIGAN; BARRY COUNTY
FRIEND OF THE COURT; JANE DOE #1,
in her individual and official capacity as
Director of Barry County Friend of the Court;
JULIE NAKFOOR PRATT, in her individual
and official capacity as Barry County Prosecutor;
DAISEY CHERNIAWSKI, in her individual
and official capacity as Deputy Court Administrator
for Barry County Friend of the Court,

    Defendants.

---

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

TO THE HONORABLE COURT:

    Plaintiff Vaughn Edward Greathouse brings this action under 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution arising from sixteen years of enforcement actions based on a jurisdictionally defective court order.

---

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Barry County, Michigan, which is within the Western District of Michigan.

3. This action seeks monetary damages and declaratory relief for the systematic deprivation of Plaintiff's constitutional rights under color of state law.

II. PARTIES

**PLAINTIFF**

4. Vaughn Edward Greathouse is an individual and citizen of the United States residing at 4370 Chicago Dr SW #578, Grandville, Michigan 49418.

**DEFENDANTS**

5. Barry County, Michigan is a municipal corporation and political subdivision of the State of Michigan. Barry County acts through its agents, employees, and officials, including the Friend of the Court office.

6. Barry County Friend of the Court is an agency and arm of Barry County responsible for enforcing child support orders within Barry County.

7. Jane Doe #1 is sued in her individual and official capacity as Director of the Barry County Friend of the Court. She is responsible for the policies, practices, and enforcement actions that violated Plaintiff's constitutional rights.

8. Julie Nakfoor Pratt is sued in her individual and official capacity as Barry County Prosecutor. She has participated in and authorized the continued prosecution and enforcement of void orders against Plaintiff.

9. Daisey Cherniawski is sued in her individual and official capacity as Deputy Court Administrator for Barry County Friend of the Court. She has participated in the administration and enforcement of void orders against Plaintiff.

10. At all times relevant, Defendants acted under color of state law within the meaning of 42 U.S.C. § 1983.

III. FACTUAL ALLEGATIONS

A. The Foundational Jurisdictional Defect (2009)

11. On October 7, 2009, a Complaint for Support was filed against Plaintiff in Barry County Circuit Court, Case No. 2009-000502-DS.

12. The summons issued in this case was signed by a deputy clerk rather than the clerk as mandated by federal law under 28 USC § 1691.

13. 28 USC § 1691 provides: "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof."

14. Federal law requires the actual clerk's signature, not a deputy clerk's signature. This defective service meant that Barry County Circuit Court never acquired personal jurisdiction over Plaintiff.

15. Defendants knew or should have known that the original service was defective and failed to comply with federal statutory requirements.

B. Sixteen Years of Constitutional Violations (2009-2025)

16. Despite this fundamental jurisdictional defect, Defendants have systematically enforced purported "child support orders" for over sixteen years through the following actions:

   a. Monthly collection of approximately $167 per month in child support payments, totaling over $32,000;

   b. Interception of federal and state tax refunds without lawful authority;

   c. Repeated threats of license suspension, passport denial, and incarceration;

   d. Reporting to credit agencies based on void orders, damaging Plaintiff's credit;

   e. Forcing Plaintiff to appear at multiple contempt hearings based on void orders;

   f. Continued enforcement despite Plaintiff's good faith compliance with payment demands.

17. Each enforcement action constituted a separate deprivation of Plaintiff's constitutional rights under color of state law.

C. Pattern of Deliberate Indifference and False Statements

18. On May 15, 2025, Plaintiff filed a Motion to Dismiss for Lack of Jurisdiction, providing Defendants with explicit notice of the jurisdictional defects.

19. During the May 15, 2025 hearing, Defendants' counsel made materially false statements to the court, arguing that a deputy clerk's signature satisfies federal law requirements under 28 USC § 1691.

20. Despite clear evidence that federal law requires the clerk's signature, not a deputy clerk's signature, Defendants continued enforcement actions and opposed Plaintiff's constitutional challenges.

21. Defendants acted with deliberate indifference to Plaintiff's clearly established constitutional rights.

D. Denial of Procedural Due Process

22. Defendants' enforcement of void orders denied Plaintiff procedural due process under the Fourteenth Amendment by:

    a. Depriving him of property without proper notice as required by Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950);

    b. Enforcing orders issued by a court without personal jurisdiction;

    c. Refusing to cease enforcement upon notice of the jurisdictional defect;

    d. Creating a system where fundamental constitutional defects cannot be effectively challenged.

IV. CAUSES OF ACTION

COUNT I: DEPRIVATION OF CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983)

23. Plaintiff incorporates all preceding allegations.

24. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Constitution and laws of the United States, specifically:

    a. Due process rights under the Fifth and Fourteenth Amendments;
    b. Equal protection rights under the Fourteenth Amendment;
    c. Rights to be free from unreasonable seizures under the Fourth Amendment.

25. Defendants' actions were objectively unreasonable and violated clearly established federal constitutional rights.

26. Defendants acted with deliberate indifference to Plaintiff's constitutional rights.

COUNT II: CONSPIRACY TO DEPRIVE CIVIL RIGHTS (42 U.S.C. § 1985)

27. Plaintiff incorporates all preceding allegations.

28. Defendants conspired and agreed to deprive Plaintiff of constitutional rights by continuing enforcement of orders they knew or should have known were void due to jurisdictional defects.

29. Defendants took overt acts in furtherance of this conspiracy, including making false statements in court proceedings and continuing enforcement despite explicit notice of constitutional violations.

COUNT III: SUBSTANTIVE DUE PROCESS VIOLATIONS

30. Plaintiff incorporates all preceding allegations.

31. Defendants' conduct in enforcing void orders for sixteen years shocks the conscience and violates substantive due process under the Fourteenth Amendment.

32. The systematic enforcement of orders known to be jurisdictionally defective constitutes arbitrary government action that violates fundamental notions of fairness.

COUNT IV: MONELL LIABILITY AGAINST BARRY COUNTY

33. Plaintiff incorporates all preceding allegations.

34. Barry County maintained policies, practices, and customs that caused the constitutional violations alleged herein, including policies that permitted enforcement of support orders without proper verification of jurisdictional prerequisites.

35. Barry County failed to properly train its employees regarding federal jurisdictional requirements under 28 USC § 1691.

36. Barry County ratified the unconstitutional conduct through its continued enforcement actions despite notice of the constitutional violations.

---

V. DAMAGES

37. As a direct and proximate result of Defendants' constitutional violations, Plaintiff has suffered:

   a. Economic Damages: Over $32,000 in child support payments and intercepted tax refunds collected without lawful authority;

   b. Constitutional Injury Damages: Violation of fundamental due process rights protected by the United States Constitution;

   c. Emotional Distress and Mental Anguish: Sixteen years of ongoing threats, coercion, and baseless legal proceedings;

   d. Credit and Reputational Damage: Harm to credit rating and financial standing based on void orders;

   e. Loss of Liberty: Time spent in court proceedings, threat of incarceration, and restrictions on freedom;

   f. Costs and Expenses: Legal research, filing fees, transcript costs, and related litigation expenses.

38. Plaintiff is entitled to compensatory damages, punitive damages against individual defendants, attorney's fees under 42 U.S.C. § 1988, and costs.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Assume jurisdiction over this matter;

2. Declare that all child support orders entered in Barry County Circuit Court Case No. 2009-000502-DS are void ab initio due to lack of personal jurisdiction;

3. Declare that Defendants' enforcement actions violated Plaintiff's constitutional rights;

4. Award compensatory damages in an amount to be proven at trial, including restitution of all funds unlawfully collected, but not less than $100,000;

5. Award punitive damages against individual Defendants Julie Nakfoor Pratt, Jane Doe #1, and Daisey Cherniawski for their willful violations of Plaintiff's clearly established constitutional rights;

6. Award attorney's fees and costs under 42 U.S.C. § 1988;

7. Permanently enjoin Defendants from any further enforcement of the void orders in Case No. 2009-000502-DS;

8. Grant such other relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as provided by the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

Respectfully submitted,


Dated: August 27, 2025

---

VERIFICATION UNDER PENALTY OF PERJURY

I, Vaughn Edward Greathouse, declare under penalty of perjury under the laws of the United States that I have read the foregoing Complaint and that the facts alleged therein are true and correct to the best of my knowledge, information, and belief.


_____
VAUGHN EDWARD GREATHOUSE
Pro Se Plaintiff
4370 Chicago Dr SW #578
Grandville, Michigan 49418
(616) 232-5874


Executed on: August 27, 2025