UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAUGHN EDWARD GREATHOUSE,

Plaintiff,

v.

BARRY COUNTY, et al.,

Defendants.

Case No. 1:25-cv-1017

Hon. Jane M. Beckering

______________________________________/

**OPINION AND ORDER**

On December 9, 2009, Plaintiff Vaughn Edward Greathouse signed a consent judgment in the trial court for Barry County, Michigan, stipulating that "I approve this order as to form and content and consent to its entry without further notice" (ECF No. 8-2 at PageID.62). The consent judgment, in pertinent part, required him to make certain child support payments (*id.*). In August 2025, Plaintiff, proceeding *pro se*, filed this § 1983 action against Barry County, the Barry County Friend of Court, and three individuals, challenging enforcement of the consent judgment. The matter was referred to the Magistrate Judge. Defendants[1] filed a motion to dismiss the claims against them. Plaintiff filed a motion for a preliminary injunction "to halt unconstitutional enforcement of void orders," as well as a motion to file a supplemental memorandum and a motion to expedite. The Magistrate Judge issued a Report and Recommendation (R&R, ECF No. 29),

[1] "Defendants" does not include "Director of Barry County Friend of Court Jane Doe #1," whom Plaintiff has not yet identified, but his claims against her are properly dismissed on the same grounds discussed herein. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see*, *e.g.*, *Welch v. Coffman*, 8 F. App'x 435, 436 (6th Cir. 2001) (affirming sua sponte dismissal for lack of subject-matter jurisdiction and absolute judicial immunity and where the claim "makes no sense").

recommending that this Court grant Plaintiff's motion to file his supplement, deny Plaintiff's motions for a preliminary injunction and to expedite, grant Defendants' motion to dismiss, and close this case. Plaintiff now presents ten overlapping objections to the Report and Recommendation, to which Defendants filed a response. For the following reasons, the Court denies Plaintiff's objections.

In analyzing Defendants' motion to dismiss, the Magistrate Judge addressed the application of the *Rooker-Feldman*[2] doctrine, the application of the collateral estoppel doctrine, the application of the judicial and qualified immunity doctrines, and the plausibility of Plaintiff's claims (R&R, ECF No. 29 at PageID.232–246). In recommending that this Court deny Plaintiff's request to enjoin enforcement of the consent judgment, the Magistrate Judge determined that Plaintiff had failed to show either a likelihood of success on the merits of his claims or irreparable injury (*id.* at PageID.246–247).

This Court's Local Rules require a party objecting to a magistrate judge's report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), in turn, require this Court to perform de novo consideration of those portions of the Report and Recommendation to which objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (pointing out that "[t]he statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection").

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

***First***, Plaintiff challenges the Magistrate Judge's application of the *Rooker-Feldman* doctrine, arguing that the Magistrate Judge erred in failing to address—and follow—the Third Circuit's decision in *Malhan v. Secretary United States Department of State*, 938 F.3d 453 (3d Cir. 2019) (Objs., ECF No. 30 at PageID.257–260).

The *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," regardless of whether such judgments have been rendered by the highest court of the State. *Taylor v. Hooven*, ___ F.4th ___, No. 26-3005, 2026 WL 2147381, at *8 (6th Cir. July 27, 2026) (quoting *T. M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. ___; 146 S. Ct. 1739, 1744 (2026) (citation modified)). The Magistrate Judge concluded that this Court lacks jurisdiction to "overrule or reverse" the state court's child support decision (R&R, ECF No. 29 at PageID.233).

Plaintiff's reliance on *Malhan* for a contrary conclusion is misplaced. *Malhan* is from another Circuit and therefore is persuasive, but not binding, authority. This Court, as a district court sitting in the Sixth Circuit, is bound to apply Sixth Circuit precedent. Moreover, in 2021, the Sixth Circuit rejected the reasoning in *Malhan*, *see RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 391–94 (6th Cir. 2021), and the United States Supreme Court abrogated *Malhan* last June, *see T. M. v. Univ. of Maryland Med. Sys. Corp.*, ___ U.S. ___; 146 S. Ct. 1739, 1746 n.2 (2026). In short, Plaintiff's first objection is properly denied.

***Second***, in a related objection, Plaintiff argues that the Magistrate Judge incorrectly identified his "injury" as the 2009 state court consent judgment rather than the "ongoing" enforcement proceedings (Objs., ECF No. 30 at PageID.261–263). Plaintiff's argument lacks

merit. The Magistrate Judge correctly stated that the test is whether a plaintiff's injury "stems from the state-court judgment, not whether the claims are identical" (R&R, ECF No. 29 at PageID.233, quoting *RLR Invs.*, 4 F.4th at 388). This objection is properly denied.

***Third***, Plaintiff argues that the Magistrate Judge erred in determining that he did not state a plausible due process claim (Objs., ECF No. 30 at PageID.264–265). According to Plaintiff, the state court lacked jurisdiction to issue its judgment because a deputy clerk, not the clerk of court, signed the summons (*id.*). As Defendants point out (ECF No. 31 at PageID.299), Plaintiff's objection merely rehashes the issues that the Magistrate Judge thoroughly considered, without demonstrating any factual or legal error therein. This objection is properly denied.

***Fourth***, Plaintiff argues that the Magistrate Judge's collateral-estoppel analysis was flawed because it was not "necessary" for the state court to reach the "jurisdictional issue" and therefore the state court action "cannot support collateral estoppel" (Objs., ECF No. 30 at PageID.266–268). Again, the Magistrate Judge thoroughly addressed this issue, and Plaintiff's mere disagreement with the result does not serve to demonstrate any factual or legal error. This objection is properly denied.

***Fifth***, Plaintiff challenges the Magistrate Judge's qualified-immunity analysis, arguing that the Magistrate Judge erred in deciding the issue without discovery (ECF No. 30 at PageID.269–271). Plaintiff's argument lacks merit. Qualified immunity protects state actors from the cost and burdens of suit, including discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021) (quoting *Mitchell*, 472 U.S. at 526). This objection is properly denied.

***Sixth***, Plaintiff reiterates his reliance on *Malhan*, which he contends is appropriate because the state court "refused" to follow federal law (ECF No. 30 at PageID.272–273). Plaintiff's argument lacks merit for the reasons previously stated.

***Seventh*****,** Plaintiff asserts, in conclusory fashion, that the Magistrate Judge "ignored Plaintiff's strongest evidence" of "guilt," which he identifies as the income section of the 2009 state court consent judgment that Plaintiff posits was based on "speculation" (ECF No. 30 at PageID.274–276). Plaintiff's general objection fails to demonstrate any specific factual or legal error by the Magistrate Judge in his analysis of Plaintiff's claims. Plaintiff's objection is properly denied.

***Eighth***, Plaintiff challenges the Magistrate Judge's Rule 12 analysis, again reiterating the service-of-process facts that purportedly support his claims (ECF No. 30 at PageID.277–281). Plaintiff's objection is properly denied for the reasons previously stated.

***Ninth***, regarding his request for injunctive relief, Plaintiff asserts, in conclusory fashion, that the Magistrate Judge erred in determining that he lacked a strong likelihood of success on the merits (Objs., ECF No. 30 at PageID.282–283). Plaintiff's objection relies on his previous arguments and is therefore properly denied.

***Tenth***, Plaintiff opines that the Magistrate Judge's recommendation, if adopted, will "create[] an accountability gap in federal law" (Objs., ECF No. 30 at PageID.284). Given the resolution herein, this "objection" is also properly denied.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's objections (ECF No. 30) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 29) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a supplemental memorandum (ECF No. 17) is GRANTED, and the proposed submission (ECF No. 17-1) is accepted for docketing.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction (ECF No. 11) and motion to expedite (ECF No. 28) are DENIED.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 7) is GRANTED.

Dated: August 28, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge